J-S32035-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NATHANIEL DUCK | : | |
| | : | |
| Appellant | : | No. 582 WDA 2021 |

Appeal from the PCRA Order Entered March 23, 2021
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0002921-2012

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **DECEMBER 10, 2021**

Nathaniel Duck ("Duck") appeals, *pro se*, from the Order denying his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In February 2012, Duck was charged with several counts of rape[2] and related offenses in relation to a series of assaults on his then sixteen-year-old daughter.  Prior to trial, Duck was represented by David Cercone, Esquire ("Attorney Cercone"), before Duck temporarily elected to proceed *pro se*.  At some point prior to sentencing, Duck became represented by Kelli Kleeb, Esquire ("Attorney Kleeb"), and Matthew Ness, Esquire ("Attorney Ness").  On May 9, 2013, Duck entered a negotiated guilty plea to all charges.  Thereafter,

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. § 3121(a)(1).

the trial court sentenced Duck, in accordance with the plea agreement, to an aggregate term of five to twenty years in prison. Duck did not file a post-sentence motion, or a direct appeal of his judgment of sentence.

On August 20, 2014, Duck, *pro se*, filed his first Petition for relief pursuant to the PCRA. The PCRA court appointed Scott Coffey, Esquire ("Attorney Coffey"), to represent Duck. Thereafter, Attorney Coffey filed a *Turner*/*Finley*[3] No-Merit letter and a Motion to withdraw as counsel. On November 6, 2014, the PCRA court granted Attorney Coffey's Motion, and issued a Pa.R.Crim.P. 907 Notice of its intent to dismiss Duck's Petition without a hearing. After Duck filed an Objection, the PCRA court dismissed the Petition. This Court affirmed the PCRA court's Order, and the Pennsylvania Supreme Court denied allowance of appeal. *See Commonwealth v. Duck*, 145 A.3d 771 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 157 A.3d 479 (Pa. 2016).

On October 30, 2020, Duck, *pro se*, filed the instant PCRA Petition, his second. The Commonwealth filed an Answer to Duck's Petition, and on February 22, 2021, the PCRA court issued a Rule 907 Notice of its intent to dismiss Duck's second Petition without a hearing. Duck filed an Objection to the Notice. On March 23, 2021, the PCRA court entered an Order denying Duck's Petition.

---

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Duck filed a *pro se* Notice of Appeal. The PCRA court did not order Duck to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. On June 21, 2021, this Court issued an Order directing Duck to show cause as to why his appeal should not be dismissed as untimely filed, as he filed his Notice of Appeal more than 30 days after the PCRA court had entered its Order denying his Petition. Duck filed a Response, after which this Court entered an Order discharging the Rule to show cause and deferred the matter for consideration by the merits panel.

Before we address the substantive issues raised by Duck, we must determine the timeliness of Duck's Notice of Appeal. *See Commonwealth v. Capaldi*, 112 A.3d 1242, 1244 (Pa. Super. 2015) (explaining that the timeliness of an appeal impacts our jurisdiction). A notice of appeal must be filed within 30 days after the entry of the order from which the appeal is taken. Pa.R.A.P. 902(a). Instantly, Duck's Notice of Appeal is facially untimely, as it was filed on May 6, 2021, 44 days after the March 23, 2021, Order denying his Petition.[4]

Pennsylvania Rule of Appellate Procedure 105(b) prohibits this Court from enlarging the time for the filing of a notice of appeal; however, the Note

---

[4] We note that even if this Court applies the "prisoner mailbox rule," Duck's Notice of Appeal would still be untimely filed, as even if Duck handed the Notice of Appeal to prison officials on May 4, 2021, when Duck's Notice of Appeal was dated, it would still be 42 days after the entry of the PCRA court's Order.

to that rule clarifies that subsection (b) "is not intended to affect the power of the court to grant relief in the case of fraud or breakdown in the processes of a court." Pa.R.A.P. 105(b); *Id.*, Note. Additionally, Pa.R.Crim.P. 907(4) provides the following:

> When the petition is dismissed without a hearing, the judge promptly shall issue an order to that effect and shall advise the defendant by certified mail, return receipt requested, of the right of appeal from the final order disposing of the petition and of the time limits within which the appeal must be filed. The order shall be filed and served as provided in Rule 114.

Pa.R.Crim.P. 907(4) (emphasis added). Pursuant to Rule 114, service shall be prompt and in writing by "sending a copy to an unrepresented party by certified, registered, or first-class mail addressed to the party's place of … confinement." Pa.R.Crim.P. 114(B)(3)(a)(v).[5]

In Duck's *pro se* Notice of Appeal, he asserted that he was never served with the PCRA court's Order, and only learned of the Order's entry when he requested and received a copy of his docket sheet. **See** Notice of Appeal, 5/6/21.

---

[5] Collectively, Rules 907 and 114 permit the dismissal order to be mailed via first-class mail, but only if a notice of appellate rights and timeframes is sent separately via certified mail, return receipt requested. Pa.R.Crim.P. 114(B)(3)(a)(v) (stating that notice shall be sent by certified, registered, or first class mail to an unrepresented party); Pa.R.Crim.P. 907(4) (stating that when a PCRA petition is dismissed without a hearing, the court shall advise the defendant by certified mail, return receipt requested, of the right to appeal and the time limits to do so). In this case, the PCRA court's Order included the notice of Duck's appellate rights, along with a directive for the clerk of courts to mail the Order to Duck by certified mail with return receipt. Order, 3/23/21.

In this case, the docket indicates that the clerk of courts sent copies of the Order denying Duck's PCRA Petition to several parties by electronic service, including Attorneys Cercone, Coffey, and Kleeb, and the docket notes that each party was "served." The docket also indicates that Duck was served by "certified" mail. However, unlike the other parties, the docket does not indicate whether Duck was actually served with the Order, as the docket contains no notation under "service status" for Duck. Additionally, despite the PCRA court's express direction that the Order be served upon Duck with a return receipt, the certified record does not include a return receipt confirming that Duck was served with the Order, nor does it include an indication that a return receipt was ever received by the PCRA court. In light of the foregoing, we conclude that there was a breakdown in the processes of the court, and as a result, we decline to quash Duck's appeal. *See Commonwealth v. Khalil*, 806 A.2d 415, 421 (Pa. Super. 2002) (providing that the failure of the trial court to inform appellant of appellate rights was a breakdown in the court's processes that caused appellant to file an untimely appeal, and this Court had jurisdiction to proceed).

Duck raises the following claims for our review:

1. Is [Duck] confined [due] to an illegal sentence[?]

2. Did the Commonwealth violate [Duck]'s due process by duplicating a whole other case based on the same criminal information already known[?]

3. Did the [trial] court violate [Duck]'s [F]ifth [A]mendment double jeopard[y] protection[?]

- 5 -

4. Is it unconstitutional for [Attorney] Cercone [] not to return [Duck]'s evidence to his defense[?]

5. Is [Attorney] Kleeb [] ineffective for not bringing forth an alibi and double jeopardy defense and her failure to file a requested appeal as of right[?]

6. When [Attorney] Coffey [] abandoned [Duck] by failing to present constitutional violations of the United States and Pennsylvania constitutions of prior counsels, and [Attorney] Coffey [] tampered with evidence[;] therefore, [Attorney] Coffey is ineffective[?]

Brief for Appellant at x.5 (numbering added, unnecessary capitalization omitted or changed).

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "*including a second or subsequent petition*, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1) (emphasis added). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition

was not timely filed. ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Duck's judgment of sentence became final on June 8, 2013, when the time to file an appeal with this Court expired. ***See*** 42 Pa.C.S.A. § 9545(b)(3). Thereafter, Duck had until June 8, 2014, to file a timely PCRA petition. Duck did not file his instant, second, PCRA Petition until October 30, 2020. Thus, Duck's Petition is facially untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws or this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." ***Id.*** § 9545(b)(2). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

In Duck's first three issues, he raises various arguments related to his contention that his sentence violated his constitutional double jeopardy rights. First, Duck asserts that his sentence is illegal, as his two rape convictions "arose from the same criminal episode." Brief for Appellant at 1-4. Second, Duck argues that his due process rights were violated when the trial court "duplicated" the same pattern of activity across both cases, using the same witness. *Id.* at 4-7. Third, Duck claims that his double jeopardy rights were violated, as the two rape convictions both arose out of the "same criminal episode," or in "temporarily continuous actions that are part of the same episode." *Id.* at 7-12.

In each of these claims, Duck fails to invoke any exception to the PCRA's timeliness requirements, nor does Duck provide any explanation as to why these claims could not have been presented in his first PCRA Petition. *See* 42 Pa.C.S.A. § 9545(b)(2); *Spotz*, *supra*. Therefore, this Court lacks jurisdiction to address the merits of these claims. *See Albrecht*, *supra*.

We address Duck's fourth and fifth issues, challenging the effectiveness of prior counsel, together. In Duck's fourth issue, he argues that Attorney Cercone failed to properly return evidence to Duck after withdrawing from representation. Brief for Appellant at 12-15. In Duck's fifth issue, he argues that Attorney Kleeb was ineffective in failing to file a direct appeal, and/or by failing to raise his underlying double jeopardy claims and alibi defense at trial. *Id.* at 15-19.

Our review of the record reveals that Duck raised similar claims in his first PCRA Petition. **See Duck**, **supra**.[6] As a result, the claims raised in Duck's instant, second Petition are not cognizable under the PCRA. 42 Pa.C.S.A. § 9543(a)(3) (providing that a PCRA petitioner must plead and prove that "the allegation of error has not been previously litigated or waived.").

In his sixth issue, Duck argues that Attorney Coffey abandoned him by failing to properly raise issues related to Attorney Kleeb's representation in his first PCRA Petition. Brief for Appellant at 19-21. Further, Duck asserts that Attorney Coffey "tampered with evidence of [Duck]'s defense." **Id.** at 21. Specifically, Duck alleges that Attorney Coffey altered dates in Duck's correspondence with Attorney Ness that would, according to Duck, prove that he indicated his desire to appeal within the PCRA's timeliness requirements. **Id.** at 21-23. In his reply brief, Duck claims that he was not aware of this information until August 2020, and invokes the newly-discovered fact exception to the PCRA. **See** Amendment to Brief for Appellant at 1-5 (citing 42 Pa.C.S.A. § 9545(b)(1)(ii)).

---

[6] Duck's appellate brief in connection with his first PCRA Petition raises the following issue in the Statement of Questions Presented: "[Was Attorney] Cercone [] ineffective for his deficient performance for failing to turn over evidence and spoilation[?]" Brief for Appellant, 12/23/15, at 10 (unnecessary capitalization omitted). Additionally, Duck raised the issue of Attorney Kleeb's failure to file a direct appeal in his layered ineffectiveness claims related to Attorney Coffey's representation in his first PCRA petition. **See** Brief for Appellant, 12/23/15, at 12-13.

"A petitioner satisfies the newly-discovered facts exception when the petitioner pleads and proves that (1) the facts upon which the claim [is] predicated were unknown and (2) could not have been ascertained by the exercise of due diligence." ***Commonwealth v. Hart***, 199 A.3d 475, 481 (Pa. Super. 2018) (emphasis in original) (quoting ***Commonwealth v. Bennett***, 930 A.2d 1264, 1272 (Pa. 2007)). "Due diligence requires 'reasonable efforts by a petitioner based on the particular circumstances, to uncover facts that may support a claim for collateral relief' but does not require 'perfect vigilance [or] punctilious care.'" ***Id.*** (quoting ***Commonwealth v. Burton***, 121 A.3d 1063, 1071 (Pa. Super. 2015)).

In this case, Duck points to a series of letters from 2013, which were exchanged between Duck, Attorney Kleeb, and Attorney Ness, in the weeks and months following his May 2013 guilty plea. ***See*** Amendment to Brief for Appellant at 1-4; Brief for Appellant at 19-22. Duck claims that he only discovered this issue in August 2020, and it caused him to "rethink all what [*sic*] [] Duck has observed, in [his first PCRA P]etition. [] Duck realized [Attorney] Ness [] and [Attorney] Coffey [had] abandoned [] Duck in his first appeal as of right." ***Id.*** at 4. However, Duck provides no explanation as to how the letters he authored were unknown to him in 2013, nor does he indicate how Attorney Coffey's purported tampering could not have been ascertained by Duck through the exercise of due diligence. Further, Duck does not provide any evidence to support his bald contention that the letters prove

that Attorneys Coffey and Ness had abandoned him. Accordingly, we conclude that Duck has failed to plead and prove the newly-discovered fact exception. *See Bennett*, *supra*.

In light of the foregoing, we conclude that the PCRA court did not err in denying Duck's second *pro se* PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/10/2021